PAE AO 241
(Rev.  07/10)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Petition for Relief From a Conviction or Sentence**
**By a Person in State Custody**
**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

### <u>Instructions</u>

1.     To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from conviction of the sentence.  This form is your petition for relief.

2.     You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.     Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. § 2244(d)(1).  (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, <u>see</u> Federal Rules of Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, <u>see</u> <u>United States v. Thomas</u>, 221 F.  3d 430 (3d Cir.  2000)).

4.     Make sure the form is typed or neatly written.

5.     You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

6.     Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or argument, you must submit them in a separate memorandum.

7.     You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out an Application to Proceed in District Court Without Prepaying Fees or Costs.  **Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you**.

8.      In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

9.      As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition.  This means that every claim must have been presented to each level of the state courts.  If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition.  28 U.S.C. § 2254(b)(2) provides that the federal court may deny your petition on the merits even if you have not exhausted your remedies.

10.     As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that was presented in a prior habeas corpus petition.

11.     As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that was not presented in a prior habeas corpus petition unless you show:

(A)     the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable; or

(B)     (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

Before such a second or successive petition may be filed in the district court, however, the petitioner must move in the court of appeals for an Order authorizing the district court to consider the petition.  Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days.  The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

12.     When you have completed this form, send the original, three copies, and **these instructions** to the Clerk of the United States District Court at this address:

**Clerk**
**United States District Court**
**for the Eastern District of Pennsylvania**
**601 Market Street, Room 2609**
**Philadelphia, PA 19106**

PAE AO 241
(Rev.  07/10)

13.  **<u>CAUTION</u>: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge and you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

14.  **<u>CAPITAL CASES</u>: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

PAE AO 241
(Rev. 07/10)

Page 4

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Eastern District of Pennsylvania** |
|---|---|
| **Name** (under which you were convicted):  James Dennis | **Docket or Case No.:**   11-1660 |
| **Place of Confinement:**  SCI Greene | **Prisoner No.:**   BY7796 |

| **Petitioner** (Include the name under which you were convicted):  James A. Dennis | **Respondent** (Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner):  John E. Wetzel, Louis S. Folino, Marirosa Lamas |
|---|---|

v.

and

The District Attorney of the County of:_____

and

The Attorney General of the State of: _____

### PETITION

1. (a)   Name and location of court that entered the judgment of conviction you are challenging:
Philadelphia Court of Common Pleas, Philadelphia, PA
_____

   (b)   Criminal docket or case number (if you know):   C.P. 92-01-484-491

2. (a)   Date of judgment of conviction (if you know):   June 17, 1993

   (b)   Date of sentencing:   Oct. 19, 1992 (death); June 17, 1993 (other charges)

3. Length of sentence:   Death plus terms of years running consecutive/concurrent therewith

4. In this case, were you convicted on more than one count or of more than one crime?   ☑Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:   Murder (18 Pa. C.S.A. § 2502),
Robbery (18 Pa. C.S.A. § 3701); VUFA (18 Pa. C.S.A. § 6108); PIC (18 Pa. C.S.A. § 907);
Conspiracy (18 Pa. C.S.A. § 903)

_____

_____

_____

6.  (a)  What was your plea?  (Check one)

☑ (1)  Not Guilty        ☐ (3)  Nolo contendere (no contest)

☐ (2)  Guilty            ☐ (4)  Insanity plea

(b)  If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

(c)  If you went to trial, what kind of trial did you have?  (Check one)

☑  Jury            ☐  Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑  Yes            ☐  No

8.  Did you appeal from the judgment of conviction?

☑  Yes            ☐  No

9.  If you did appeal, answer the following:

(a)  Name of court:  __Supreme Court of Pennsylvania__

(b)  Docket or case number (if you know):  __Cap. Appeal Docket No. 44__

(c)  Result:  __Affirmed__

(d)  Date of result (if you know):  __July 22, 1998__

(e)  Citation to the case (if you know):  __Commonwealth v. Dennis, 715 A.2d 404 (Pa. 1998)__

(f)  Grounds raised:  __Deprivation of Pennsylvania and federal constitutional guarantee to effective__ assistance of counsel; violation of due process rights under the Pennsylvania and federal constitutions; violation of various other state and federal  constitutional and statutory provisions.

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(g)    Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

_____

(h)    Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _Philadelphia Court of Common Pleas, Philadelphia, PA_

(2) Docket or case number (if you know): _No. 484 (PCRA Capital Appeal)_

(3) Date of filing (if you know): _Sept. 15, 1998 (Initial Pro Se Petition)_

(4) Nature of the proceeding: _Post-Conviction Relief Act_

(5) Grounds raised: _Deprivation of Pennsylvania and federal constitutional guarantee to effective assistance of counsel; violation of due process rights under the Pennsylvania and federal constitutions; violation of various other state and federal constitutional and statutory provisions._

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes                    ☐ No

(7) Result: ___Relief Denied_____

(8) Date of result (if you know): ___Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)___

(b)    If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes                    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c)    If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes          ☐   No

(7) Result: _____

(8) Date of result (if you know): _____

(d)   Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

(1)   First petition:        ☑ Yes          ☐   No
(2)   Second petition:     ☐   Yes          ☐   No
(3)   Third petition:       ☐   Yes          ☐   No

(e)   If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**   See additional pages attached hereto.

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☐   Yes        ☐   No

    (2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

    state trial court?

        ☐   Yes        ☐   No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

    (3) Did you receive a hearing on your motion or petition?    ☐   Yes    ☐   No

    (4) Did you appeal from the denial of your motion or petition?    ☐   Yes    ☐   No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        ☐   Yes        ☐   No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is  "No," explain why you did not raise this issue: _____

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)  that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:**  See additional pages attached hereto. _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐   Yes                ☐   No

(2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

state trial court?

☐   Yes          ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?          ☐   Yes     ☐   No

(4) Did you appeal from the denial of your motion or petition?     ☐   Yes     ☐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐   Yes          ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is  "No," explain why you did not raise

this issue: _____

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

**GROUND THREE:** _See additional pages attached hereto._ /_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐   Yes          ☐   No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes          ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?     ☐  Yes     ☐  No

(4) Did you appeal from the denial of your motion or petition?     ☐  Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐     Yes     ☐     No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise

this issue: _____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.)  that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** ___See additional pages attached hereto._____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

PAE AO 241
(Rev. 07/10)

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

**(c) Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes            ☐ No

(2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes            ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?            ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?            ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes          ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?          ☑ Yes          ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     ☐  Yes     ☑  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     ☐  Yes     ☑  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)     At preliminary hearing:     Lee Mandell _____

(b)     At arraignment and plea:     Lee Mandell _____

_____

PAE AO 241
(Rev. 07/10)

Page 17

(c)    At trial:    Lee Mandell

(d)    At sentencing:    Lee Mandell

(e)    On appeal:    Michael Schwartz, Tracey Brandeis, Lee Jones

(f)    In any post-conviction proceeding:    Dan Silverman, Arnold & Porter LLP

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____
Arnold & Porter LLP, Federal Community Defender Office for the Eastern District of PA

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☑ No

(a)    If so, give the name and location of the court that imposed the other sentence you will serve in the future: _____

(b)    Give the date the other sentence was imposed: _____

(c)    Give the length of the other sentence: _____

(d)    Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☐ No

18.    **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition*

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:     Issuance of a writ, vacation of conviction and sentence, new trial, new sentencing proceeding, right to an evidentiary hearing and discovery.

_____

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

PAE AO 241
(Rev. 07/10)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____.

                                                                                    (month, date, year)

Executed (signed) on _____ (date).


                                                _____

                                                            Signature of Petitioner


If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

_____

_____

**Petition for Relief From a Conviction or Sentence By a Person in State Custody**
**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:**  The Commonwealth withheld evidence that would have turned the one witness who discredited Mr. Dennis's alibi into a witness who would have corroborated his alibi.

(a)   **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section I.B.

(b)   **If you did not exhaust your state remedies on Ground One, explain why:**  N/A

(c)   **Direct Appeal of Ground One:**

   (1)   **If you appealed from the judgment of conviction, did you raise this issue?**  YES

   (2)   **If you did not raise this issue in your direct appeal, explain why?**  N/A

(d)   **Post-Conviction Proceedings:**

   (1)   **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

   (2)   **If your answer to Question (d)(1) is "Yes," state:**

   **Type of motion or petition:**  PCRA Petition

   **Name and location of the court where the motion or petition was filed:**  Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

   **Docket or case number (if you know):**  No. 484 (PCRA Capital Appeal)

   **Date of the court's decision:**  Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

   **Result (attach a copy of the court's opinion or order, if available):**  Relief denied.  See Exhibit 26 to counseled petition.

   (3)   **Did you receive a hearing on your motion or petition?**  NO

   (4)   **Did you appeal from the denial of your motion or petition?**  NO

1

(5)     **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

(6)     **If your answer to Question (d)(4) is "Yes," state:**

        **Name and location of the court where the appeal was filed:**

        **Docket or case number (if you know):**

        **Date of the court's decision:**

        **Result (attach a copy of the court's opinion or order, if available):**

(7)     **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**  Because it was preserved on Direct Appeal.

(e)     **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:**

**GROUND TWO:**  Trial counsel failed to investigate evidence such that the one witness who discredited Mr. Dennis's alibi would have corroborated his alibi.

(a)     **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section 1.B.

(b)     **If you did not exhaust your state remedies on Ground Two, explain why:**  N/A

(c)     **Direct Appeal of Ground Two:**

        (1)     **If you appealed from the judgment of conviction, did you raise this issue?**  YES

        (2)     **If you did not raise this issue in your direct appeal, explain why?**

(d)     **Post-Conviction Proceedings:**

        (1)     **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  NO

        (2)     **If your answer to Question (d)(1) is "Yes," state:**

                **Type of motion or petition:**

                **Name and location of the court where the motion or petition was filed:**

2

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) **Did you receive a hearing on your motion or petition?**

(4) **Did you appeal from the denial of your motion or petition?**

(5) **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

(6) **If your answer to Question (d)(4) is "Yes," state:**

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e) **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:**

**GROUND THREE:**  The Commonwealth suppressed material evidence that its most important eyewitness gave contradictory statements that exculpated Mr. Dennis.

(a) **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section I.C.

(b) **If you did not exhaust your state remedies on Ground Three, explain why:**  N/A

(c) **Direct Appeal of Ground Three:**

(1) **If you appealed from the judgment of conviction, did you raise this issue?**
NO

(2) **If you did not raise this issue in your direct appeal, explain why?**  The Commonwealth did not produce the material exculpatory evidence at issue until after Mr. Dennis's direct appeal.

3

(d)     **Post-Conviction Proceedings:**

(1)     **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** YES

(2)     **If your answer to Question (d)(1) is "Yes," state:**

**Type of motion or petition:** PCRA Petition

**Name and location of the court where the motion or petition was filed:** Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

**Docket or case number (if you know):** No. 484 (PCRA Capital Appeal)

**Date of the court's decision:** Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion); Mar. 17, 2010 (written opinion on claim on remand)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See Exhibits 26 and 27 to counseled petition.

(3)     **Did you receive a hearing on your motion or petition?** YES

(4)     **Did you appeal from the denial of your motion or petition?** YES

(5)     **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?** YES

(6)     **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:** Pennsylvania Supreme Court

**Docket or case number (if you know):** No. 491 (CAP)

**Date of the court's decision:** June 20, 2008 (partial remand) and January 18, 2011 (final)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See Commonwealth v. Dennis, 950 A.2d 945 (Pa. 2008); Commonwealth v. Dennis, 17 A.3d 297 (Pa. 2011).

(7)     **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

4

(e)    **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:**

**GROUND FOUR:**  The Commonwealth improperly withheld statements showing that three other suspects committed the crime.

(a)    **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section I.D.

(b)    **If you did not exhaust your state remedies on Ground Four, explain why:**  N/A

(c)    **Direct Appeal of Ground Four:**

        (1)    **If you appealed from the judgment of conviction, did you raise this issue?**  NO

        (2)    **If you did not raise this issue in your direct appeal, explain why?**  The Commonwealth did not produce the material exculpatory evidence at issue until after Mr. Dennis's direct appeal.

(d)    **Post-Conviction Proceedings:**

        (1)    **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

        (2)    **If your answer to Question (d)(1) is "Yes," state:**

            **Type of motion or petition:**  PCRA Petition

            **Name and location of the court where the motion or petition was filed:**  Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

            **Docket or case number (if you know):**  No. 484 (PCRA Capital Appeal)

            **Date of the court's decision:**  Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

            **Result (attach a copy of the court's opinion or order, if available):**  Relief denied.  See Exhibits 26 and 27 to counseled petition.

        (3)    **Did you receive a hearing on your motion or petition?**  NO

        (4)    **Did you appeal from the denial of your motion or petition?**  YES

(5)    **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**  YES

(6)    **If your answer to Question (d)(4) is "Yes," state:**

    **Name and location of the court where the appeal was filed:**  Pennsylvania Supreme Court

    **Docket or case number (if you know):**  No. 491 (CAP)

    **Date of the court's decision:**  June 20, 2008 (partial remand) and January 18, 2011 (final)

    **Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See Commonwealth v. Dennis, 950 A.2d 945 (Pa. 2008); Commonwealth v. Dennis, 17 A.3d 297 (Pa. 2011).

(7)    **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)    **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:**

**GROUND FIVE:**  The prosecutor withheld evidence that the only witness to testify about a weapon tried to recant his testimony.

(a)    **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section I.E.

(b)    **If you did not exhaust your state remedies on Ground Five, explain why:**  N/A

(c)    **Direct Appeal of Ground Five:**

(1)    **If you appealed from the judgment of conviction, did you raise this issue?**  YES

(2)    **If you did not raise this issue in your direct appeal, explain why?**

(d)    **Post-Conviction Proceedings:**

(1)    **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

(2)    **If your answer to Question (d)(1) is "Yes," state:**

**Type of motion or petition:**  PCRA Petition

**Name and location of the court where the motion or petition was filed:**
Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

**Docket or case number (if you know):**  No. 484 (PCRA Capital Appeal)

**Date of the court's decision:**  Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

**Result (attach a copy of the court's opinion or order, if available):**  Relief denied.

(3)　**Did you receive a hearing on your motion or petition?**  NO

(4)　**Did you appeal from the denial of your motion or petition?**  YES

(5)　**If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**  YES

(6)　**If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**  Pennsylvania Supreme Court

**Docket or case number (if you know):**  No. 491 (CAP)

**Date of the court's decision**:  June 20, 2008 (partial remand) and January 18, 2011 (final)

**Result (attach a copy of the court's opinion or order, if available):**  Relief denied.  See Commonwealth v. Dennis, 950 A.2d 945 (Pa. 2008); Commonwealth v. Dennis, 17 A.3d 297 (Pa. 2011).

(7)　**If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)　**Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five:**

**GROUND SIX:**  Trial counsel failed to investigate a known eyewitness who would have testified that Mr. Dennis did not commit the crime.

(a)　**Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at section II.B.

7

(b)    **If you did not exhaust your state remedies on Ground Six, explain why:**  N/A

(c)    **Direct Appeal of Ground Six:**

    (1)    **If you appealed from the judgment of conviction, did you raise this issue?** NO

    (2)    **If you did not raise this issue in your direct appeal, explain why?**  Direct appeal counsel did not have underlying documents regarding this witness, which were missing from trial counsel's file but were provided to PCRA counsel in discovery.

(d)    **Post-Conviction Proceedings:**

    (1)    **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

    (2)    **If your answer to Question (d)(1) is "Yes," state:**

        **Type of motion or petition:**  PCRA Petition

        **Name and location of the court where the motion or petition was filed:** Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

        **Docket or case number (if you know):**  No. 484 (PCRA Capital Appeal)

        **Date of the court's decision:**  Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

        **Result (attach a copy of the court's opinion or order, if available):**  Relief denied.  See Exhibit 26 to counseled petition.

    (3)    **Did you receive a hearing on your motion or petition?**  YES

    (4)    **Did you appeal from the denial of your motion or petition?**  YES

    (5)    **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**  YES

    (6)    **If your answer to Question (d)(4) is "Yes," state:**

        **Name and location of the court where the appeal was filed:** Pennsylvania Supreme Court

        **Docket or case number (if you know):**  No. 491 (CAP)

**Date of the court's decision:**  June 20, 2008 (partial remand) and January 18, 2011 (final)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See <u>Commonwealth v. Dennis</u>, 950 A.2d 945 (Pa. 2008); <u>Commonwealth v. Dennis</u>, 17 A.3d 297 (Pa. 2011).

(7)   **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)   **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six:**

**GROUND SEVEN:**  Trial counsel failed to investigate a known eyewitness who picked someone other than Mr. Dennis in a lineup.

(a)   **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section II.C.

(b)   **If you did not exhaust your state remedies on Ground One, explain why:**  N/A

(c)   **Direct Appeal of Ground One:**

(1)   **If you appealed from the judgment of conviction, did you raise this issue?**  YES

(2)   **If you did not raise this issue in your direct appeal, explain why?**

(d)   **Post-Conviction Proceedings:**

(1)   **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

(2)   **If your answer to Question (d)(1) is "Yes," state:**

**Type of motion or petition:**  PCRA Petition

**Name and location of the court where the motion or petition was filed:** Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

**Docket or case number (if you know):**  No. 484 (PCRA Capital Appeal)

**Date of the court's decision:**  Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See Exhibit 26 to counseled petition.

(3)   **Did you receive a hearing on your motion or petition?** NO

(4)   **Did you appeal from the denial of your motion or petition?** YES

(5)   **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?** YES

(6)   **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:** Pennsylvania Supreme Court

**Docket or case number (if you know):** No. 491 (CAP)

**Date of the court's decision:** June 20, 2008 (partial remand) and January 18, 2011 (final)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See <u>Commonwealth v. Dennis</u>, 950 A.2d 945 (Pa. 2008); <u>Commonwealth v. Dennis</u>, 17 A.3d 297 (Pa. 2011).

(7)   **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)   **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven:**

**GROUND EIGHT:** Trial counsel failed to investigate an eyewitness who did not identify Mr. Dennis in a photo array, described an assailant materially different from Mr. Dennis, and who was under the impression that the shooter and victim knew each other.

(a)   **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):** See counseled petition at Section II.D.

(b)   **If you did not exhaust your state remedies on Ground Eight, explain why:** N/A

(c)   **Direct Appeal of Ground Eight:**

(1)   **If you appealed from the judgment of conviction, did you raise this issue?** YES

(2)     **If you did not raise this issue in your direct appeal, explain why?**

(d)     **Post-Conviction Proceedings:**

(1)     **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

(2)     **If your answer to Question (d)(1) is "Yes," state:**

**Type of motion or petition:**  PCRA Petition

**Name and location of the court where the motion or petition was filed:** Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

**Docket or case number (if you know):**  No. 484 (PCRA Capital Appeal)

**Date of the court's decision:**  Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

**Result (attach a copy of the court's opinion or order, if available):**  Relief denied.  See Exhibit 26 to counseled petition.

(3)     **Did you receive a hearing on your motion or petition?**  NO

(4)     **Did you appeal from the denial of your motion or petition?**  YES

(5)     **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**  YES

(6)     **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**  Pennsylvania Supreme Court

**Docket or case number (if you know):**  No. 491 (CAP)

**Date of the court's decision:**  June 20, 2008 (partial remand) and January 18, 2011 (final)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See Commonwealth v. Dennis, 950 A.2d 945 (Pa. 2008); Commonwealth v. Dennis, 17 A.3d 297 (Pa. 2011).

(7)     **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

11

(e)     **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight:**

**GROUND NINE:**  Trial counsel failed to investigate a witness's pending assault charge at the time he gave a statement against Mr. Dennis.

(a)     **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section II.E.

(b)     **If you did not exhaust your state remedies on Ground Nine, explain why:**  N/A

(c)     **Direct Appeal of Ground Nine:**

    (1)     **If you appealed from the judgment of conviction, did you raise this issue?**  YES

    (2)     **If you did not raise this issue in your direct appeal, explain why?**

(d)     **Post-Conviction Proceedings:**

    (1)     **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

    (2)     **If your answer to Question (d)(1) is "Yes," state:**

        **Type of motion or petition:**  PCRA Petition

        **Name and location of the court where the motion or petition was filed:**  Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

        **Docket or case number (if you know):**  No. 484 (PCRA Capital Appeal)

        **Date of the court's decision:**  Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

        **Result (attach a copy of the court's opinion or order, if available):**  Relief denied.  See Exhibit 26 to counseled petition.

    (3)     **Did you receive a hearing on your motion or petition?**  NO

    (4)     **Did you appeal from the denial of your motion or petition?**  YES

    (5)     **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**  YES

(6)　　**If your answer to Question (d)(4) is "Yes," state:**

　　　**Name and location of the court where the appeal was filed:**  Pennsylvania Supreme Court

　　　**Docket or case number (if you know):** No. 491 (CAP)

　　　**Date of the court's decision:**  June 20, 2008 (partial remand) and January 18, 2011 (final)

　　　**Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See Commonwealth v. Dennis, 950 A.2d 945 (Pa. 2008); Commonwealth v. Dennis, 17 A.3d 297 (Pa. 2011).

(7)　　**If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)　　**Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine:**

**GROUND TEN:**  Trial counsel failed to adequately examine a Commonwealth witness regarding his open criminal drug charge.

(a)　　**Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section II.E.

(b)　　**If you did not exhaust your state remedies on Ground Ten, explain why:**  N/A

(c)　　**Direct Appeal of Ground Ten:**

(1)　　**If you appealed from the judgment of conviction, did you raise this issue?**  YES

(2)　　**If you did not raise this issue in your direct appeal, explain why?**

(d)　　**Post-Conviction Proceedings:**

(1)　　**Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  NO

(2)　　**If your answer to Question (d)(1) is "Yes," state:**

　　　**Type of motion or petition:**

　　　**Name and location of the court where the motion or petition was filed:**

13

        **Docket or case number (if you know):**

        **Date of the court's decision:**

        **Result (attach a copy of the court's opinion or order, if available):**

  (3)    **Did you receive a hearing on your motion or petition?**

  (4)    **Did you appeal from the denial of your motion or petition?**

  (5)    **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

  (6)    **If your answer to Question (d)(4) is "Yes," state:**

        **Name and location of the court where the appeal was filed:**

        **Docket or case number (if you know):**

        **Date of the court's decision:**

        **Result (attach a copy of the court's opinion or order, if available):**

  (7)    **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)    **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Ten:**

**GROUND ELEVEN:**  Trial counsel failed to introduce testimony regarding Mr. Dennis's denial of involvement in the crime.

(a)    **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section II.E.

(b)    **If you did not exhaust your state remedies on Ground Eleven, explain why:**  N/A

(c)    **Direct Appeal of Ground Eleven:**

  (1)    **If you appealed from the judgment of conviction, did you raise this issue?**  YES

  (2)    **If you did not raise this issue in your direct appeal, explain why?**

14

(d)  **Post-Conviction Proceedings:**

    (1)  **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  NO

    (2)  **If your answer to Question (d)(1) is "Yes," state:**

        **Type of motion or petition:**

        **Name and location of the court where the motion or petition was filed:**

        **Docket or case number (if you know):**

        **Date of the court's decision:**

        **Result (attach a copy of the court's opinion or order, if available):**

    (3)  **Did you receive a hearing on your motion or petition?**

    (4)  **Did you appeal from the denial of your motion or petition?**

    (5)  **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

    (6)  **If your answer to Question (d)(4) is "Yes," state:**

        **Name and location of the court where the appeal was filed:**

        **Docket or case number (if you know):**

        **Date of the court's decision:**

        **Result (attach a copy of the court's opinion or order, if available):**

    (7)  **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)  **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eleven:**

**GROUND TWELVE:**  Trial counsel failed to impeach a Commonwealth witness with his prior inconsistent statement.

(a)  **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section II.E.

(b)      **If you did not exhaust your state remedies on Ground Twelve, explain why:**  N/A

(c)      **Direct Appeal of Ground Twelve:**

      (1)      **If you appealed from the judgment of conviction, did you raise this issue?** YES

      (2)      **If you did not raise this issue in your direct appeal, explain why?**

(d)      **Post-Conviction Proceedings:**

      (1)      **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  NO

      (2)      **If your answer to Question (d)(1) is "Yes," state:**

      **Type of motion or petition:**

      **Name and location of the court where the motion or petition was filed:**

      **Docket or case number (if you know):**

      **Date of the court's decision:**

      **Result (attach a copy of the court's opinion or order, if available):**

      (3)      **Did you receive a hearing on your motion or petition?**

      (4)      **Did you appeal from the denial of your motion or petition?**

      (5)      **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

      (6)      **If your answer to Question (d)(4) is "Yes," state:**

      **Name and location of the court where the appeal was filed:**

      **Docket or case number (if you know):**

      **Date of the court's decision:**

      **Result (attach a copy of the court's opinion or order, if available):**

      (7)      **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)    **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Twelve:**

**GROUND THIRTEEN:**  Trial counsel failed to establish that the victim was six inches taller than Mr. Dennis.

(a)    **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section II.F.

(b)    **If you did not exhaust your state remedies on Ground Thirteen, explain why:**  N/A

(c)    **Direct Appeal of Ground Thirteen:**

    (1)    **If you appealed from the judgment of conviction, did you raise this issue?**  YES

    (2)    **If you did not raise this issue in your direct appeal, explain why?**

(d)    **Post-Conviction Proceedings:**

    (1)    **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  NO

    (2)    **If your answer to Question (d)(1) is "Yes," state:**

        **Type of motion or petition:**

        **Name and location of the court where the motion or petition was filed:**

        **Docket or case number (if you know):**

        **Date of the court's decision:**

        **Result (attach a copy of the court's opinion or order, if available):**

    (3)    **Did you receive a hearing on your motion or petition?**

    (4)    **Did you appeal from the denial of your motion or petition?**

    (5)    **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

    (6)    **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**

**Docket or case number (if you know):**

**Date of the court's decision:**

**Result (attach a copy of the court's opinion or order, if available):**

(7)    **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)    **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Thirteen:**

**GROUND FOURTEEN:**  The introduction of testimony and argument concerning evidence the Commonwealth lost before trial violated Mr. Dennis's right to due process of law.

(a)    **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section IV.

(b)    **If you did not exhaust your state remedies on Ground Fourteen, explain why:**  N/A

(c)    **Direct Appeal of Ground Fourteen:**

    (1)    **If you appealed from the judgment of conviction, did you raise this issue?**  NO

    (2)    **If you did not raise this issue in your direct appeal, explain why?**  Ineffective assistance of direct appeal counsel.

(d)    **Post-Conviction Proceedings:**

    (1)    **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

    (2)    **If your answer to Question (d)(1) is "Yes," state:**

    **Type of motion or petition:**  PCRA Petition

    **Name and location of the court where the motion or petition was filed:**  Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

    **Docket or case number (if you know):**  No. 484 (PCRA Capital Appeal)

18

**Date of the court's decision:**  Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

**Result (attach a copy of the court's opinion or order, if available):**  Relief denied.  See Exhibit 26 to counseled petition.

(3)     **Did you receive a hearing on your motion or petition?**  NO

(4)     **Did you appeal from the denial of your motion or petition?** YES

(5)     **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**  YES

(6)     **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**  Pennsylvania Supreme Court

**Docket or case number (if you know):**  No. 491 (CAP)

**Date of the court's decision:**  June 20, 2008 (partial remand) and January 18, 2011 (final)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See Commonwealth v. Dennis, 950 A.2d 945 (Pa. 2008); Commonwealth v. Dennis, 17 A.3d 297 (Pa. 2011).

(7)     **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)     **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Fourteen:**

**GROUND FIFTEEN:**  Trial counsel was ineffective for failing to seek suppression of any reference to missing evidence once he learned the evidence was missing, and for failing to object to references to the missing evidence.

(a)     **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section V.

(b)     **If you did not exhaust your state remedies on Ground Fifteen, explain why:**  N/A

(c)     **Direct Appeal of Ground Fifteen:**

(1)    **If you appealed from the judgment of conviction, did you raise this issue?**
YES

(2)    **If you did not raise this issue in your direct appeal, explain why?**

(d)    **Post-Conviction Proceedings:**

(1)    **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  NO

(2)    **If your answer to Question (d)(1) is "Yes," state:**

**Type of motion or petition:**

**Name and location of the court where the motion or petition was filed:**

**Docket or case number (if you know):**

**Date of the court's decision:**

**Result (attach a copy of the court's opinion or order, if available):**

(3)    **Did you receive a hearing on your motion or petition?**

(4)    **Did you appeal from the denial of your motion or petition?**

(5)    **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

(6)    **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**

**Docket or case number (if you know):**

**Date of the court's decision:**

**Result (attach a copy of the court's opinion or order, if available):**

(7)    **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)    **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Fifteen:**

**GROUND SIXTEEN:**  The prosecutor denied Mr. Dennis due process by engaging in misconduct during his guilt phase closing argument.

(a)     **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section VI.

(b)     **If you did not exhaust your state remedies on Ground Sixteen, explain why:**  N/A

(c)     **Direct Appeal of Ground Sixteen:**

    (1)     **If you appealed from the judgment of conviction, did you raise this issue?**  YES

    (2)     **If you did not raise this issue in your direct appeal, explain why?**

(d)     **Post-Conviction Proceedings:**

    (1)     **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  NO

    (2)     **If your answer to Question (d)(1) is "Yes," state:**

        **Type of motion or petition:**

        **Name and location of the court where the motion or petition was filed:**

        **Docket or case number (if you know):**

        **Date of the court's decision:**

        **Result (attach a copy of the court's opinion or order, if available):**

    (3)     **Did you receive a hearing on your motion or petition?**

    (4)     **Did you appeal from the denial of your motion or petition?**

    (5)     **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

    (6)     **If your answer to Question (d)(4) is "Yes," state:**

        **Name and location of the court where the appeal was filed:**

        **Docket or case number (if you know):**

        **Date of the court's decision:**

**Result (attach a copy of the court's opinion or order, if available):**

(7)   **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)   **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Sixteen:**

**GROUND SEVENTEEN:**  The prosecutor's improper closing argument during the penalty phase deprived Mr. Dennis of due process of law and a fair and reliable capital sentencing proceeding.

(a)   **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section VII.

(b)   **If you did not exhaust your state remedies on Ground Seventeen, explain why:**  N/A

(c)   **Direct Appeal of Ground Seventeen:**

(1)   **If you appealed from the judgment of conviction, did you raise this issue?** YES

(2)   **If you did not raise this issue in your direct appeal, explain why?**

(d)   **Post-Conviction Proceedings:**

(1)   **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  NO

(2)   **If your answer to Question (d)(1) is "Yes," state:**

**Type of motion or petition:**

**Name and location of the court where the motion or petition was filed:**

**Docket or case number (if you know):**

**Date of the court's decision:**

**Result (attach a copy of the court's opinion or order, if available):**

(3)   **Did you receive a hearing on your motion or petition?**

(4)   **Did you appeal from the denial of your motion or petition?**

(5)   **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

(6)   **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**

**Docket or case number (if you know):**

**Date of the court's decision:**

**Result (attach a copy of the court's opinion or order, if available):**

(7)   **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)   **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seventeen:**

**GROUND EIGHTEEN:**  Trial counsel was ineffective for failing to object to the prosecutor's improper closing argument.

(a)   **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section VII.

(b)   **If you did not exhaust your state remedies on Ground Eighteen, explain why:**  N/A

(c)   **Direct Appeal of Ground Eighteen:**

(1)   **If you appealed from the judgment of conviction, did you raise this issue?**  YES

(2)   **If you did not raise this issue in your direct appeal, explain why?**

(d)   **Post-Conviction Proceedings:**

(1)   **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**   NO

(2)   **If your answer to Question (d)(1) is "Yes," state:**

**Type of motion or petition:**

**Name and location of the court where the motion or petition was filed:**

**Docket or case number (if you know):**

**Date of the court's decision:**

**Result (attach a copy of the court's opinion or order, if available):**

(3)     **Did you receive a hearing on your motion or petition?**

(4)     **Did you appeal from the denial of your motion or petition?**

(5)     **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**

(6)     **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**

**Docket or case number (if you know):**

**Date of the court's decision:**

**Result (attach a copy of the court's opinion or order, if available):**

(7)     **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)     **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eighteen:**

**GROUND NINETEEN:**  Trial counsel was ineffective for failing to object to a "flight" instruction with no evidentiary basis.

(a)     **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section VIII.

(b)     **If you did not exhaust your state remedies on Ground Nineteen, explain why:**  N/A

(c)     **Direct Appeal of Ground Nineteen:**

(1)     **If you appealed from the judgment of conviction, did you raise this issue?**  YES

(2)     **If you did not raise this issue in your direct appeal, explain why?**

24

(d)     **Post-Conviction Proceedings:**

(1)     **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

(2)     **If your answer to Question (d)(1) is "Yes," state:**

**Type of motion or petition:**  PCRA Petition

**Name and location of the court where the motion or petition was filed:** Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

**Docket or case number (if you know):**  No. 484 (PCRA Capital Appeal)

**Date of the court's decision:**  Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

**Result (attach a copy of the court's opinion or order, if available):**  Relief denied.  See Exhibit 26 to counseled petition.

(3)     **Did you receive a hearing on your motion or petition?**  YES

(4)     **Did you appeal from the denial of your motion or petition?**  YES

(5)     **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**  YES

(6)     **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**  Pennsylvania Supreme Court

**Docket or case number (if you know):**  No. 491 (CAP)

**Date of the court's decision:**  June 20, 2008 (partial remand) and January 18, 2011 (final)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See Commonwealth v. Dennis, 950 A.2d 945 (Pa. 2008); Commonwealth v. Dennis, 17 A.3d 297 (Pa. 2011).

(7)     **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)     **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nineteen:**

**GROUND TWENTY:**  Mr. Dennis was denied his constitutional rights to the effective assistance of trial and direct appeal counsel, equal protection and due process where the prosecutor discriminated in his exercise of peremptory challenges at jury selection, trial counsel failed to object, and direct appeal counsel failed to adequately litigate the claim.

(a)     **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section IX.

(b)     **If you did not exhaust your state remedies on Ground Twenty, explain why:**  N/A

(c)     **Direct Appeal of Ground Twenty:**

    (1)     **If you appealed from the judgment of conviction, did you raise this issue?**  YES

    (2)     **If you did not raise this issue in your direct appeal, explain why?**

(d)     **Post-Conviction Proceedings:**

    (1)     **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

    (2)     **If your answer to Question (d)(1) is "Yes," state:**

       **Type of motion or petition:**  PCRA Petition

       **Name and location of the court where the motion or petition was filed:**  Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

       **Docket or case number (if you know):**  No. 484 (PCRA Capital Appeal)

       **Date of the court's decision:**  May 30, 2001 (oral ruling)

       **Result (attach a copy of the court's opinion or order, if available):**  Relief denied.  See Exhibit 119 to counseled petition.

    (3)     **Did you receive a hearing on your motion or petition?**  NO

    (4)     **Did you appeal from the denial of your motion or petition?**  NO
(The Commonwealth appealed a grant of discovery of <u>Batson</u>-related material to the Pennsylvania Supreme Court.  The Pennsylvania Supreme Court reversed the

discovery ruling.  The Court's opinion can be found at <u>Commonwealth v. Dennis</u>, 859 A.2d 1270 (Pa. 2004).

(5)     **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**  YES

(6)     **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**

**Docket or case number (if you know):**

**Date of the court's decision:**

**Result (attach a copy of the court's opinion or order, if available):**

(7)     **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)     **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Twenty:**

**GROUND TWENTY-ONE:**  Mr. Dennis's death sentence should be vacated because the trial court's death qualification procedure was unconstitutional.

(a)     **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section X.

(b)     **If you did not exhaust your state remedies on Ground Twenty-One, explain why:** N/A

(c)     **Direct Appeal of Ground Twenty-One:**

(1)     **If you appealed from the judgment of conviction, did you raise this issue?** NO

(2)     **If you did not raise this issue in your direct appeal, explain why?**  Ineffective assistance of direct appeal counsel.

(d)     **Post-Conviction Proceedings:**

(1)     **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

(2)     **If your answer to Question (d)(1) is "Yes," state:**

27

**Type of motion or petition:** PCRA Petition

**Name and location of the court where the motion or petition was filed:**
Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

**Docket or case number (if you know):** No. 484 (PCRA Capital Appeal)

**Date of the court's decision:** Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See Exhibit 26 to counseled petition.

(3)     **Did you receive a hearing on your motion or petition?** NO

(4)     **Did you appeal from the denial of your motion or petition?** YES

(5)     **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?** YES

(6)     **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:** Pennsylvania Supreme Court

**Docket or case number (if you know):** No. 491 (CAP)

**Date of the court's decision:** June 20, 2008 (partial remand) and January 18, 2011 (final)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See Commonwealth v. Dennis, 950 A.2d 945 (Pa. 2008); Commonwealth v. Dennis, 17 A.3d 297 (Pa. 2011).

(7)     **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)     **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Twenty-One:**

**GROUND TWENTY-TWO:**  Trial counsel was ineffective for failing to object to the trial court's inadequate death-qualification procedure.

(a)    **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section X.

(b)    **If you did not exhaust your state remedies on Ground Twenty-Two, explain why:** N/A

(c)    **Direct Appeal of Ground Twenty-Two:**

    (1)    **If you appealed from the judgment of conviction, did you raise this issue?** NO

    (2)    **If you did not raise this issue in your direct appeal, explain why?**  Ineffective assistance of direct appeal counsel.

(d)    **Post-Conviction Proceedings:**

    (1)    **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

    (2)    **If your answer to Question (d)(1) is "Yes," state:**

        **Type of motion or petition:**  PCRA Petition

        **Name and location of the court where the motion or petition was filed:** Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

        **Docket or case number (if you know):**  No. 484 (PCRA Capital Appeal)

        **Date of the court's decision:**  Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

        **Result (attach a copy of the court's opinion or order, if available):**  Relief denied.  See Exhibit 26 to counseled petition.

    (3)    **Did you receive a hearing on your motion or petition?**  YES

    (4)    **Did you appeal from the denial of your motion or petition?**  YES

    (5)    **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**  YES

    (6)    **If your answer to Question (d)(4) is "Yes," state:**

        **Name and location of the court where the appeal was filed:**  Pennsylvania Supreme Court

**Docket or case number (if you know):** No. 491 (CAP)

**Date of the court's decision:** June 20, 2008 (partial remand), and January 18, 2011 (final)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied. See Commonwealth v. Dennis, 950 A.2d 945 (Pa. 2008); Commonwealth v. Dennis, 17 A.3d 297 (Pa. 2011).

(7)    If your answer to Question **(d)(4)** or Question **(d)(5)** is "No," explain why you did not raise this issue:

(e)    **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Twenty-Two:**

**GROUND TWENTY-THREE:**  Trial counsel was ineffective for failing to life qualify the jury.

(a)    **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section X.

(b)    **If you did not exhaust your state remedies on Ground Twenty-Three, explain why:**  N/A

(c)    **Direct Appeal of Ground Twenty-Three:**

(1)    **If you appealed from the judgment of conviction, did you raise this issue?**  YES

(2)    **If you did not raise this issue in your direct appeal, explain why?**

(d)    **Post-Conviction Proceedings:**

(1)    **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**  YES

(2)    **If your answer to Question (d)(1) is "Yes," state:**

**Type of motion or petition:**  PCRA Petition

**Name and location of the court where the motion or petition was filed:**  Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

**Docket or case number (if you know):**  No. 484 (PCRA Capital Appeal)

**Date of the court's decision:**  Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

**Result (attach a copy of the court's opinion or order, if available):**  Relief denied.  See Exhibit 26 to counseled petition.

(3)   **Did you receive a hearing on your motion or petition?**  YES

(4)   **Did you appeal from the denial of your motion or petition?**  NO

(5)   **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?**  YES

(6)   **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**  Pennsylvania Supreme Court

**Docket or case number (if you know):**  No. 491 (CAP)

**Date of the court's decision:**  June 20, 2008 (partial remand) and January 18, 2011 (final)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied.  See Commonwealth v. Dennis, 950 A.2d 945 (Pa. 2008); Commonwealth v. Dennis, 17 A.3d 297 (Pa. 2011).

(7)   **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)   **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Twenty-Three:**

**GROUND TWENTY-FOUR:**  Trial counsel was ineffective for failing to prevent inadmissible evidence of his client's criminal history.

(a)   **Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):**  See counseled petition at Section XI.

(b)   **If you did not exhaust your state remedies on Ground Twenty-Four, explain why:**  N/A

(c)   **Direct Appeal of Ground Twenty-Four:**

(1)     **If you appealed from the judgment of conviction, did you raise this issue?** YES

(2)     **If you did not raise this issue in your direct appeal, explain why?**

(d)     **Post-Conviction Proceedings:**

(1)     **Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?** YES

(2)     **If your answer to Question (d)(1) is "Yes," state:**

**Type of motion or petition:** PCRA Petition

**Name and location of the court where the motion or petition was filed:** Philadelphia Court of Common Pleas, Philadelphia, Pennsylvania

**Docket or case number (if you know):** No. 484 (PCRA Capital Appeal)

**Date of the court's decision:** Sept. 15, 2005 (oral ruling); Nov. 17, 2005 (written opinion)

**Result (attach a copy of the court's opinion or order, if available):** Relief denied. See Exhibit 26 to counseled petition.

(3)     **Did you receive a hearing on your motion or petition?** YES

(4)     **Did you appeal from the denial of your motion or petition?** YES

(5)     **If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?** NO

(6)     **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:**

**Docket or case number (if you know):**

**Date of the court's decision:**

**Result (attach a copy of the court's opinion or order, if available):**

(7)     **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

(e)     **Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Twenty-Four:**